AO 245B  (Rev 9/00)  Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

A M E N D E D
**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER:   8:99-cr-215-T-23MAP
USM NUMBER:    38501-018

vs.

GLEN T. VITTOR

Defendant's Attorney:   William F. Jung, ret

THE DEFENDANT:

 X  pleaded guilty to count TWO of the Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Mail Fraud, Wire Fraud, and Securities Fraud | March 31, 1999 | TWO |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

 X  Count ONE and THREE through TWENTY-ONE are dismissed in accordance with the plea agreement.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence:  May 26, 2004

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**
DATE: July ___ , 2005

AO 245B (Rev. 9/00) Sheet 4 - Probation

| | | |
|---|---|---|
| Defendant: | GLEN T. VITTOR | Judgment - Page _2_ of _5_ |
| Case No.: | 8:99-cr-215-T-23MAP | |

## PROBATION

The defendant is hereby placed on probation for a term of **THIRTY-SIX (36) MONTHS as to count two of the Indictment.**

The defendant shall not commit another federal, state, or local crime.

_X_     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

_X_     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)      the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)      the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)      the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4)      the defendant shall support his or her dependents and meet other family responsibilities;

5)      the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)      the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)      the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)      the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)      the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)     the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11)     the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)     the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)     as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev 9/00) Sheet 4C - Probation

| Defendant: | GLEN T. VITTOR | Judgment - Page _3_ of _5_ |
|---|---|---|
| Case No.: | 8:99-cr-215-T-23MAP | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of probation:

  _X_      The defendant shall provide the probation officer access to any requested financial information.

  _X_      The defendant shall refrain from engaging in any employment related to financial investing.

AO 245B (Rev 12/03) Sheet 5 - Criminal Monetary Penalties

| | |
|---|---|
| Defendant: **GLEN T. VITTOR** | Judgment - Page _4_ of _5_ |
| Case No.: 8:99-cr-215-T-23MAP | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | **$100.00** | **$ waived** | **$ 6,158,653.18** |

___ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

___ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| *ASCI Victims | $ 1,194,795.37 | $ 1,194,795,37 | |
| *TWTI Victims | 166,006.36 | 166,006.36 | |
| *SCTI Victims *c/o U.S. Attorney's Office Asset Forfeiture Section | 4,797,851.45 | 4,797,851.45 | |
| Totals: | $ 6,158,653.18 | $ 6,158,653.18 | |

___ Restitution amount ordered pursuant to plea agreement $ _____.

___ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

___ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ___ the interest requirement is waived for the ___ fine ___ restitution.

   ___ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 12/03) Sheet 6 - Schedule of Payments

| | |
|---|---|
| Defendant: **GLEN T. VITTOR** | Judgment - Page  5  of  5 |
| Case No.:   8:99-cr-215-T-23MAP | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.      X      Lump sum payment of $  100.00 (special assessment)  due immediately, balance due

          ___ not later than _____, or

          ___ in accordance  __ C,  __ D,  __  E or  __ F below; or

B.      __      Payment to begin immediately (may be combined with  ___ C,  ___ D, or  ___ F below): or

C.      __      Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a
period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the
date of this judgment; or

D.      __      Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $ _____ over a
period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after
release from imprisonment to a term of supervision: or

E.      __      Payment during the term of supervised release will commence within _____ (e.g., 30 or
60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of
the defendant's ability to pay at that time, or

F.      X      Special instructions regarding the payment of criminal monetary penalties:

          Restitution payments shall be paid from funds forfeited by all defendants in this case.

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal
monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the
Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

 X      Joint and Several

          Defendant  and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and
Several Amount, and corresponding payee, if appropriate:

ASCI:   Defendant Glen T. Vittor (3), co-defendants, Philip Gurian (2), and Barry Gesser (5), case no. 8:99-cr-215-T-
23MAP - $1,194,795.37

TWTI:  Defendant Glen T. Vittor (3), co-defendants, Philip C. Abramo (1) and Philip Gurian (2), case no. 8:99-cr-215-T-
23MAP - $166,006.36

SCTI:   Defendant Glen T. Vittor (3), co-defendants, Philip C. Abramo, Philip Gurian (2), and Louis Consalvo (4), case
no. 8:99-cr-215-T-23MAP, $4,797,851.45

_        The defendant shall pay the cost of prosecution.

_        The defendant shall pay the following court cost(s):

 X      The defendant shall forfeit the defendant's interest in the following property to the United States:

Account Number 4H89, in the name of Thomas J. Vittor Irrevocable Trust, located at Spear, Leeds & Kellogg, 120
Broadway, New York, New York 10271 (hereinafter "Vittor Trust") and Account Number 438-234-32, in the name of
Glen Vittor, IRA, located at J.B. Oxford & Company, 9665 Wilshire Boulevard, Beverly Hills, California ("Vittor IRA")

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.  8:99-cr-215-T-23TGW |
| | : | |
| GLEN T. VITTOR, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## FINAL JUDGMENT OF FORFEITURE

THIS CAUSE comes before the Court on Motion of the United States for Entry of a Final Judgment of Forfeiture for the contents of Account Number 4H89, in the name of Thomas J. Vittor Irrevocable Trust, located at Spear, Leeds & Kellogg, 120 Broadway, New York, New York 10271 (hereinafter the "Vittor Trust") and Account Number 438-234-32, in the name of Glen Vittor, IRA, located at J. B. Oxford & Company, 9665 Wilshire Boulevard, Beverly Hills, California (hereinafter the "Vittor IRA")  and the Court, having been fully advised in the premises, finds as follows:

1.     As directed by the Court, the United States published in the Tampa Tribune, a newspaper of general circulation in Hillsborough County, Florida, on November 8, 2004, November 15, 2004 and November 22, 2004, notice of forfeiture of the Vittor Trust and the Vittor IRA and of the United States' intent to dispose of the two accounts in accordance with the law.  The United States published in the New York Post, a newspaper of general circulation in New York County, New York on November 5, 2004, November 12, 2004 and November 19, 2004, notice of forfeiture of the Vittor

Trust and of the United States' intent to dispose of the account in accordance with the law.  The United States also published in the <u>Los Angeles Times</u>, a newspaper of general circulation in Los Angeles County, California on April 25, 2005, May 2, 2005 and May 9, 2005, notice of forfeiture of the Vittor IRA and of the United States' intent to dispose of the account in accordance with the law, and further notifying all third parties of their right to petition the Court within thirty (30) days for a hearing to adjudicate the validity of any legal interests in the subject asset.

2.      No persons or entities, other than defendant Vittor, whose interest was forfeited to the United States in the Preliminary Order of Forfeiture, are known to have an interest in the subject property.  To date, no third party has filed a Petition to Adjudicate Interest in the subject funds, and the time for filing such Petition has expired.

3.      The Court finds that the subject property is the property of defendant Glen T. Vittor.

Accordingly, it is hereby **ORDERED, ADJUDGED** and **DECREED**

1.      That all right, title and interest for the contents of Account Number 4H89, in the name of Thomas J. Vittor Irrevocable Trust, located at Spear, Leeds & Kellogg, 120 Broadway, New York, New York 10271 and Account Number 438-234-32, in the name of Glen Vittor, IRA, located at J. B. Oxford & Company, 9665 Wilshire Boulevard, Beverly Hills, California are hereby CONDEMNED and FORFEITED to the United States of America for disposition in accordance with the law:

2

2.      That clear title to the property is now vested in the United States of America.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this ___8th___ day of ___July___, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Anita M. Cream, AUSA
             Attorneys of Record

3